UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHARLETT ADAMS, EDSON OPPONG AND MORRIS BART, LLC** | * * | **CIVIL ACTION NO.:** |
| Plaintiffs, | * * | **3:23-cv-01243-SDD-RLB** |
| vs. | * * | |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND NEXBANK, SSB** | * * * * | |
| Defendants. | * | |

**************************************

## AMENDED NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes Defendant, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY ("Allstate"), for the purpose of filing this Notice of Removal pursuant to 28 U.S.C. §1446, without waiving any defenses available pursuant to Rule 12 of the Federal Rules of Civil Procedure and/or the Louisiana Code of Civil Procedure, and thereby removing this matter from state court to the docket of this Honorable Court. Allstate respectfully shows as follows:

1. On or around July 25, 2023, Plaintiffs filed a Petition for Damages and Declaratory Judgment ("Petition") in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, entitled *"Charlett Adams, Edson Oppong and Morris Bart, LLC v. Allstate Vehicle and Property Insurance Company and NEXBANK, SSB,"* bearing docket number C-734944.

2. Pursuant to 28 U.S.C. § 1446 (a), the State Court Pleadings are attached hereto as Exhibit "A."

3. For the reasons that follow, Allstate hereby removes this case from state court to this federal court, based upon the grant of jurisdiction found at 28 U.S.C. §1332, as there is

diversity of citizenship between the Parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and cost.

4. As this Court is aware, removal is premised upon the face of a Plaintiffs' Petition. Therefore, Allstate directs this Court's attention to the allegations set forth in the Plaintiff's Petition, which assert claims against Allstate subject to this Court's jurisdiction.

## REVIEW OF THE PLAINTIFF'S PETITION FOR DAMAGES

5. In Paragraph 1 of the Petition, Plaintiffs Matthews allege that they are both of the full age of majority and domiciled in the Parish of Jefferson, State of Louisiana. (*See,* "Exhibit A").

6. In Paragraph 2 of the Petition, Plaintiff Morris Bart, LLC alleges that it is a limited liability company organized under the laws of the State of Louisiana with its principal place of business in Louisiana and its single member, Morris Bart III also domiciled in Louisiana. (*See,* "Exhibit A").

7. In Paragraph 3 of the Petition, Plaintiffs allege that Allstate is an insurance corporation authorized to do and doing business in the State of Louisiana. (*See,* "Exhibit A").

8. In Paragraph 4 of the Petition, Plaintiffs allege that NEXBANK, SSB, is a corporation organized and incorporated under the laws of the State of Texas and doing business in Louisiana. (*See,* "Exhibit A").

9. In Paragraphs 8 through 10 of the Petition, Plaintiffs allege that Allstate insured Plaintiffs' home located at 6635 Saint Francis Avenue, Baton Rouge, Louisiana 70811, which was in full for and effect on August 29, 2021, when Hurricane Ida caused damage to Plaintiffs' property of at least $47,230.87. (*See,* "Exhibit A").

10. In Paragraphs 13 and 14 of the Petition, Plaintiffs allege that they promptly reported their loss to Allstate, who then had the property inspected but allegedly failed to pay (or underpaid) the amount of loss within 30 days of receiving the first notice of claim, thus causing Plaintiffs to suffer damages. (*See,* "Exhibit A").

11. In Paragraphs 16 through 20 of the Petition, Plaintiffs allege that Allstate is in breach of the insurance contract in failing to properly adjust and pay Plaintiffs' claim and is liable to Plaintiffs for all related damages. (*See,* "Exhibit A").

12. In Paragraphs 22 through 30 of the Petition, Plaintiffs allege that Allstate's failure to properly adjust and pay Plaintiffs' claim is in violation of Louisiana bad faith statutes, and therefore Allstate is liable to Plaintiffs for not only contractual damages, but also statutory penalties and attorneys' fees, including additional general damages. (*See,* "Exhibit A").

13. In the WHEREFORE Paragraph of the Petition, Plaintiffs ask the Court ot find Allstate liable to Plaintiffs for all amounts due under the Policy in addition to penalties, attorneys' fees, legal interest, and all costs. (*See,* "Exhibit A").

14. Based upon these allegations, Allstate removes this matter pursuant to 28 U.S.C. §1332.

## DIVERSITY JURISDICTION UNDER 28 U.S.C. §1332

15. Defendant, Allstate, asserts that this case is also removable pursuant to 28 U.S.C. §1332 based upon diversity of citizenship.

16. "When jurisdiction is based on diversity of citizenship, 28 U.S.C. §1332, the plaintiff's complaint must specifically allege each party's citizenship, these allegations must show that the plaintiff and defendant are citizens of different states." *Am. Motorists Ins. Co. v. Am. Emp.*

*Ins. Co.,* 600 F.2d 15, 16 (5th Cir. 1979), citing *McGovern v. American Airlines, Inc.,* 511 F.2d 653 (5th Cir. 1975).

17. Plaintiffs Adams and Oppong allege in the Petition that they are domiciled in East Baton Rouge Parish, State of Louisiana. (*See,* "Exhibit A").

18. Plaintiff Morris Bart, LLC alleges that it is a limited liability company organized under the laws of the State of Louisiana with its principal place of business in Louisiana and its single member, Morris Bart III also domiciled in Louisiana. (*See,* "Exhibit A").

19. Plaintiffs allege in Paragraph 3 of the Petition for Damages that Allstate is a foreign insurer authorized to do and doing business in the State of Louisiana. (*See,* "Exhibit A"). As reflected in the records for the Louisiana Department of Insurance, Allstate is incorporated under the laws of Illinois with its headquarters located in Northbrook. (*See,* "Exhibit B"). Allstate avers it is a "Company" by designation, and not a limited liability company, unincorporated association, or any other different type of corporate entity.

20. As this Court is well aware, existing case law deems a company or corporation that is not an LLC or Partnership was having, at best, dual citizenship of (1) its state of incorporation; and (2) it state in which it has it principle place of business.[1] As evidenced by its corporate filings with the Louisiana Department of Insurance, Allstate is a foreign insurance company incorporated and domiciled in the State of Illinois, with its principal place of business in the State of Illinois. (*See,* "Exhibit B"). Allstate's headquarters are located in Northbrook, Illinois. Pursuant to 28 U.S.C §1332(c)(1), Allstate is a citizen of Illinois.

---

[1] *See* 28 U.S.C §1332(c)(1); *see also Moore v. Home Depot USA, Inc.*, No. CV 16-810-BAJ-RLB, 2017 WL 11096195, at *1 (M.D. La. Apr. 12, 2017), *citing Illinois Central Gulf Railroad Co. v. Pargas Inc.*, 706 F.2d 633, 637 (5th Cir. 1983).

21. Plaintiffs allege in Paragraph 4 of the Petition for Damages that NEXBANK, SSB is a Texas corporation authorized to do and doing business in the State of Louisiana. (*See, "Exhibit A"*). As reflected in the records of the Texas Secretary of State, NEXBANK, SSB is incorporated in the State of Texas, with its principal place of business in Dallas, Texas. (*See,* Exhibit C).

22. Thus, based upon the foregoing, there is complete diversity of citizenship among the Plaintiffs and the Defendants.

23. Pursuant to 28 U.S.C. §1446 (c)(2)(A), the Notice of Removal may set forth the amount in controversy if the initial pleading seeks nonmonetary relief or a money judgment in a state where the plaintiff does not have to specify a demand for a specific sum or the plaintiff is permitted recovery of damages in excess of the amount demanded.

24. In accordance with Louisiana law, Plaintiff's Petition for Damages does not plead a specific sum of monetary damages. Louisiana Code of Civil Procedure article 893(a)(1).

25. Plaintiff state in their Petition that there damages are at least $47,230.87. (*See*, "Exhibit A").

26. Additionally, Plaintiffs seek a declaratory judgment entered in favor of Plaintiffs and against Allstate and NEXBANK, SSB, finding that:

> (1) The attorney lien of Morris Bart is superior to any rights which NEXBANK, SSB may have;
>
> (2) Allstate is to issue a separate payment to the Plaintiffs Adams and Oppong and Morris Bart out of any payment for attorneys' fees and costs without NEXBANK, SSB listed as an additional payee; and
>
> (3) Allstate is to issue a separate payment to the Plaintiffs Adams and Oppong and Morris Bart, without NEXBANK, SSB listed as a payee, for any amount which exceeds the amount due pursuant to the mortgage note.[2]

---

[2] *Id.*

27. "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[3]

28. Because the Plaintiffs seek (1) a declaratory judgment that NEXBANK has no interest in the potential $47,230.87.00 in insurance proceeds; (2) injunctive relief that the potential $47,230.87.00 in future insurance proceeds check be issued by Allstate without listing NEXBANK as a payee, and (3) an unspecified award of damages and attorney's fees, based on the alleged contractual amount of at least $47,230.87.00.

29. Considering Plaintiffs' allegations in the Petition, in addition to seeking the payment of attorneys' fees and penalties on top of the alleged contractual amount owed, and considering the available Coverages include $145,530.00 (Dwelling), $14,553.00 (Other Structures), $87,318 (Personal Property), and $29,106 (ALE)[4], it is proper to conclude that the damages *sought* exceed $75,000.00 and the amount in controversy has been satisfied. *See Albarado v. State Farm Mut. Ins. Co.*, No. 91-2036, 1991 WL 165733 (E.D. La. Aug. 20, 1991) (both policy limits and possible penalties are properly considered when determining the amount in controversy).

30. As such, Allstate contends that this Court has original jurisdiction per 28 U.S.C. §1332.

**PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET**

31. This Notice of Removal, filed on August 30, 2023, was timely filed. As shown by Exhibit "A," Allstate was served on July 31, 2023, though the Louisiana Secretary of State. Thus, the filing of this Notice of Removal is within the 30-day requirement and therefore is timely.

---

[3] *Hartford Ins. Group v. Lou-Con Inc.,* 293 F.3d 908 (5th Cir. 2002 )(quoting *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983)); *see also*, *Nationstar Mortgage LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977).
[4] The total available coverage is therefore $276,507.00. *See* Exhibit D.

32. Venue for this removal is proper in the United States District Court for the Middle District of Louisiana, pursuant to 28 U.S.C. §1391, as the original suit is pending within the jurisdictional territory of this Court.

33. Promptly after filing this Notice of Removal, written notice of same is being given to all adverse Parties and a copy of this Notice is being filed with the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, as is required by law.

## CONCLUSION

**WHEREFORE**, Defendant, **ALLSTATE SPECIALTY INSURANCE COMPANY,** prays that this Notice of Removal will be deemed good and sufficient, and that this matter be removed from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana to the docket of this Honorable Court.

Dated: November 2, 2023.                    Respectfully Submitted:

*/s/ Sean P. Sullivan*
Sean P. Sullivan, Esq. LSBA No. 33398
**KELLEY KRONENBERG, PA**
400 Poydras Street, Suite 2400
New Orleans, Louisiana 70130
P: 504-208-9055
Email: ssullivan@kelleykronenberg.com
Email: jgiepert@kelleykronenberg.com
*Counsel for Defendant, Allstate Property and Vehicle Insurance Company*

## CERTIFICATE OF SERVICE

  I hereby certify that on November 2, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following and that copies of the same were served upon all counsel of record via electronic mail:

 *Counsel for Plaintiffs*

             */s/ Sean P. Sullivan*
             Sean P. Sullivan